**In re CENTENNIAL TECHNOLOGIES LITIGATION.**

**Civil Action No. 1:97–10304–REK and all related cases.**

United States District Court, D. Massachusetts.

Feb. 11, 1997.

Glen DeValerio, Berman, DeValerio & Pease, Boston, MA, David Bershad, Milberg, Weiss, Bershad, Hynes, New York City, Stanley Bernstein, Bernstein, Liebhart & Lifshitz, New York City, Jack G. Fruchter, Fruchter & Twersky, New York City, Nancy F. Gans, Stephen Moulton, Moulton & Gans, L.L.P., Boston, MA, for Ronald Schwartz.

David Bershad, Milberg, Weiss, Bershad, Hynes, New York City, Stanley Bernstein, Bernstein, Liebhart & Lifshitz, New York City, Jack G. Fruchter, Fruchter & Twersky, New York City, Nancy F. Gans, Stephen Moulton, Moulton & Gans, L.L.P., Boston, MA, for David Finkelstein.

Thomas G. Shapiro, Edward F. Haber, Shapiro, Grace & Haber, Boston, MA, for John M. Babington, Edward Campanelli, Christine Campanelli, Robert Bernard, Jennifer L. Ellis, Howard P. Schwartz, Jessie B. Carnevale, Stanley Egelberg, Miriam Thurm, Yaakov Glatter, Max Bruysschaard, Felix Smolensky.

Jeffrey C. Block, Berman, DeValerio & pease, Boston, MA, for Sal Latorraca, Dr. Robert Blashka, Stephen Campbell, Barbara Ann Korns, Ronald Rees, Arnold Korelitz, Myer Shapiro, Karl Bauknight, Sherril Eapen, Sheeba Cherian, Leon Troll, Robert Weiss, Michael Sorkin, David E. Hill.

Ralph M. Stone, Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, Howard D. Finkelstein, Finkelstein & Associates, San Diego, CA, Stephen Moulton, Moulton & Gans, Boston, MA, for William Karges, Jr., Steven Goldman, Randi Warren, M.D.

Gretchen M. Van Ness, Boston, MA, Robert C. Schubert, Schubert & Reed, L.L.P., San Francisco, CA, for Lori L Sanders.

Glen DeValerio, Berman, DeValerio & Pease, Boston, MA, for Devereux Green Hill, Robert J. Suarez, Irving Gurak, Anthony Kalioros, Leon North, David Waikus, Stephan Eggly, Gordon Sokich, Rosen & Yampolsky Partnership, Jonathan Boms, Harry Curry, Robert Robinson, Albert Shapiro, Steven S. Siegelaub, Stanton L. Triester, Carl Chaikin, Carl Chaikin, Susuan Chaikin, Cliff Associates, Par V. Caputi, Freeman Family Partnership, MBR Produce Corp. Retirement Plan, Douglas Freeman, Eugene Shapiro, WHU Enterprises, Marsha J. Taylor, James Aboud, Robert H. Wittemeyer.

Peter A. Lagirio, Gilman & Pastor, Boston, MA, Saul Roffe, Sirota & sirota, New York City, for JCT Design Enterprises, Inc.

Gretchen M. Van Ness, Boston, MA, for Earl L. Mitchell.

Murray Miller, Miller & Miller Ltd., Phoenix, AZ, for Kantial R. Patel, Ranjan K. Patel.

Marc Redlich, Law Offices of Marc Redlich, Boston, MA, for Anatole Geiche.

Glen DeValerio, Jeffrey C. Block, Matthew Miller, Berman, DeValerio & Pease, Boston, MA, for Charles Philips.

Edward G. Shapiro, Shapiro, Grace & Haber, Boston, MA, for Moshe Ariel.

Samuel Kronhauser, Law Offices of Samuel Kornhauser, San Francisco, CA, for Marty Burstein, Robert Boorstein, Richard Baum, Urmila Bhargava, Stanley H. Bigelow, Shirley L. Boone, Jeffrey Bruno, Robert Burke, John Cassetti, Ralph Clock, Rachanee Clovis, Dr. Elliot Cohen, Muriel Cohen, Dr. Thomas Conrad, Phillip Crary, John Downward, William Dukes, Ronald Falk, Glenn Falkowski, Hermann Fasel, Charles Ferris, Joan Firestone, Leslie Gelman, Gene Griffin, Deborah Gruen, Janet Gustafson, Tom Herson, Mitch-

ell Hirsch, Lorri Hirsch, Ken Kamins, Karin Kerns, David M. Kerr, David Komet, Jim North, Prem Kumar, Clark Lagow, John Landis, Dr. Larry L. Likover, John G. Lowe, Dawn Luber, David Mann, Emerson Marsh, Laveta Marsh Revocable Trust, Don L. McGinnis, Edward Meece, James Meeker, Steve Molis, Patricia Newcombe, Robert Newcombe, Rakesh Parikh, Dr. Patrick Peavy, Pentz Revocable Living Trust, Michael Radigan, Ronald A. Remick, Joseph E. Rizk, Paul E. Romano, Judith A. Romano, William Ryan, Craig Seger, Melvin Selznick, Curt Shuey, Cahrles Smith, Geoffrey Smith, Townsville Trading, Ltd., Prasad Srinvasan, Douglas W. Stone, Mark Susnow, Bill Tifft, Henry W. Tooke, Paul Vignale, Victor Vizitei, Jim Wahl, William J. Walton, Jeans Williams, Gordon Wong.

John F. Cullen, Cullen & Resnick, Boston, MA, for James M. Murphy, Jr., John J. McDonald, John J. Sheilds, J.P. Luc Beaubien, William M. Kinch, William J. Shea, Donald R. Peck, Robert Silva.

Dennis M. Kelleher, Thomas J. Dougherty, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, for Coopers & Lybrand.

Peter M. Saparoff, Mintz, Levin, Cohn,Ferris, Glovsky & Popeo, P.C., Boston, MA, for Needham & Co., Inc.

Robert J. Muldoon, Jr., Sherin & Lodgen, Boston, MA, Christopher A. Duggan, Smith, Duggan & Johnson, Boston, MA, James M. Wodarski, Sherin and Lodgen L.L.P., Boston, MA, Matthew J. Walko, Smith & Duggan, Boston, MA, Thomas G. McNeil, Lawrence G. Campbell, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, David A. Brown, Sherin & Lodgen L.L.P., Boston, MA, for Lawrence J. Ramaekers.

Michael A. Collora, David M. Osburne, Dwyers & Collora, Boston, MA, for Thomas Kinch.

Robert J. Muldoon, Jr., Sherin & Lodgen, Boston, MA, James M. Wodarski, Sherin and Lodgen L.L.P., Boston, MA, David A. Brown, Sherin & Lodgen L.L.P., Boston, MA, for Jay Alix and Associates.

Stephen F. Murray, Spencer Kagan, Kagan & Kagan, P.C., Revere, MA, for Bond D. Fletcher, Medajet, Inc., Suncrest Ltd.

John D. Donovan, Jr., Mark P. Spzak, Crystal D. Talley, Ropes & Gray, Boston, MA, for Lehman Brothers, Inc.

Albert F. Cullen, Jr., Cullen & Cullen, Boston, MA, for Presage Corp./BBC Computers.

## MEMORANDUM and ORDER ON ISSUE FORMULATION and PRACTICE AND PROCEDURE ORDER NO. 3

KEETON, District Judge.

*Next Scheduled Case Management Conference (CMC):*

*Wednesday, October 14, 1998, at 4:30 p.m.*

MEMORANDUM AND ORDER ON ISSUE FORMULATION
| | | |
|---|---|---|
| I. | The Pending Motions | 122 |
| II. | Procedural and Substantive Elements of Case Management Generally | 122 |
| III. | Timing and Method of Issue Formulation | 122 |
| IV. | The Private Securities Litigation Reform Act of 1995 | 123 |
| | A. The Statutory Text and Obligations to Respect Its Mandate | 123 |
| | B. Questions About the Meaning of Statutory Text | 125 |
| | C. The State–of–Mind Legal Test | 126 |
| V. | ORDER ON ISSUE FORMULATION | 126 |

PRACTICE AND PROCEDURE ORDER NO. 3
| | | |
|---|---|---|
| I. | Practice and Procedure | 127 |
| II. | Consolidation and Coordination | 128 |
| | A. Purposes and Effects of Consolidation | 128 |
| | B. Appointment of Lead Plaintiffs and Organization of Plaintiffs's Counsel | 128 |
| III. | Status of Proceedings: Things Done and To Be Done | 129 |
| | A. Proceedings Regarding Partial Settlement | 129 |
| | B. Pending Motions and Related Submissions | 129 |
| IV. | Incorporation by Reference and Service of Pleadings and Other Papers | 130 |

V. Discovery Proceedings    130
VI. Preservation of Documents    130
VII. Confidential Information    130
VIII. Hearings and Rulings on Motions    130
IX. Miscellaneous    130
X. Schedule    131

## Memorandum and Order on Issue Formulation

### I. The Pending Motions

Pending before the court at this time are the following motions:

(1) Defendant Robert E. Lockwood's Motion to Dismiss (Docket No. 117, filed March 31, 1998).

(2) Defendant Presage Corporation's Motion to Dismiss (Docket No. 118, filed March 31, 1998).

(3) Lehman Brothers Inc.'s Motion to Dismiss (Docket No. 148, filed April 30, 1998).

(4) Plaintiffs' Motion to Amend Complaint Pursuant to Fed.R.Civ.P. 15(a) (Docket No. 154, filed May 13, 1998).

(5) Defendant Thomas Kinch's Motion to Dismiss (Docket No. 170, filed June 6, 1998).

(6) Plaintiffs' Motion to Lift Discover Stay Against Lawrence J. Ramaekers and Jay Alix and Associates (Docket No. 184, filed July 24, 1998).

(7) Plaintiffs' Motion for Summary Judgment Against Bond D. Fletcher (Docket No. 188, filed July 29, 1998).

### II. Procedural and Substantive Elements of Case Management Generally

■ As a matter of case management, a court may fashion orders for a fair process of adjudication of all claims and defenses on the merits without the added delay and expense imposed on all parties by lack of focus on potentially dispositive issues of law or fact or both.

In the present posture of these consolidated proceedings, I find a need for a more precise focus on material issues than has been accomplished in the submissions of the parties bearing on several of the motions now pending before the court for decision, including motions to dismiss that are founded on assertions of insufficiency of the pleadings.

Seven analytically separable procedural components may have a bearing upon the outcome of many, if not all, particular cases or sets of cases in consolidated court proceedings:

(1) Pleadings.

(2) Disclosure and Discovery.

(3) Issue Formulation.

(4) Practices for Final Disposition Without Trial.

(5) Practices in Trial.

(6) Practices Regarding "Final" Decision in the Trial Court.

(7) Post–Decision Practices.

Although analytically separable, these seven components are not precisely separable chronologically and are not substantively independent.

Thus, professionals in law (including advocates and trial judges in particular cases or consolidated proceedings) who are striving to understand and apply statutes, rules, and precedents are:

(a) likely to be thinking about two or more or all of these components together during a span of time commencing when they first become involved in a case or set of consolidated cases and continuing until their involvement ends, and

(b) likely to be thinking about substantive issues during the entire span of their involvement.

### III. Timing and Method of Issue Formulation

For trial lawyers and trial judges, a core concern of case management and perhaps the most central concern in most cases, especially those that have any unusual complexity, is about timing and method of issue formulation.

Timing is a chronological element. Method is a procedural element. Together, the timing and method of issue formulation are

aimed at arriving at a final outcome of the particular case or set of cases that is compatible with and primarily driven by the substantive merits of the interwoven legal and factual elements of the claims and defenses distinctive to that particular case or set of consolidated cases. Ordinarily, and with only rare exceptions, the grounds for which are explained on the official record, cases should be decided on the merits.

Advocates and judges pursuing this objective must think not just about resolving disputes over things such as adequacy of pleadings and obligations of disclosure and discovery but more about managing the whole case, or the whole consolidated proceedings, with a view to disposition as early and with as little cost as possible, and in a way compatible with substantive merits. This perspective supports, and may even require, basic reconsideration of some mores of practice and procedure, and especially those allowing attorneys quite generous periods of time between successive procedural events.

This reconsideration may appropriately include, and perhaps commencing quite early in the course of pretrial proceedings, the timing and method of issue formulation.

On motion of a party or on the court's initiative, with appropriate notice, the court may designate a case or a set of cases in consolidated proceedings as potentially involving legal issues, factual issues, or interwoven legal-factual issues of unusual complexity, and schedule special procedures and proceedings for identifying, clarifying, and particularizing issues potentially decisive of outcome on the substantive merits.

A few rules of procedure, especially Rules 8 and 9 of the Federal Rules of Civil Procedure, focus on pleadings—item (1) on the list, above, of analytically separable components. A few rules, especially Federal Rules of Civil Procedure 26–37, focus on disclosure and discovery—item (2).

A few rules, especially Rule 16, focus on item (3), case management, at least in pretrial stages, but in Rule 16 the primary focus is on kinds of management issues that concern settlement or identified matters (but not including all matters) involved in preparing the case for trial. Rule 16 is not well focused on problems of timing and method of issue formulation.

A few statutes focus on pleadings, or disclosure and discovery, or both. An illustration that is involved in this set of consolidated proceedings is considered immediately below.

## IV. The Private Securities Litigation Reform Act of 1995

### A. The Statutory Text and Obligations to Respect Its Mandate

Defendants Coopers and Lybrand, LLP have been allowed until August 31, 1998 (Docket No. 156, Stipulation filed May 13, 1998) to respond to the amended complaint, attached to plaintiffs' Motion to Amend (Docket No. 154, filed May 13, 1998).

██ The possibility is held out that defendants will ask the court to dismiss the amended complaint on the ground of insufficiency of its allegations to meet heightened pleadings requirements prescribed in the following provision of the Private Securities Litigation Reform Act of 1995.

### (2) Required state of mind

In any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u–4(b)(2).

For context, the court expects to look to the following additional provisions as well.

### (g) Proportionate liability

#### (1) Applicability

Nothing in this subsection shall be construed to create, affect, or in any manner modify, the standard for liability associated with any action arising under the securities laws.

### (2) Liability for damages

#### (A) Joint and several liability

Any covered person against whom a final judgment is entered in a private action shall be liable for damages jointly and severally only if the trier of fact specifically determines that such covered person knowingly committed a violation of the securities laws.

#### (B) Proportionate liability

##### (i) In general

Except as provided in paragraph (1), a covered person against whom a final judgment is entered in a private action shall be liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person, as determined under paragraph (3).

##### (ii) Recovery by and costs of covered person

In any case in which a contractual relationship permits, a covered person that prevails in any private action may recover the attorney's fees and costs of that covered person in connection with the action.

### (3) Determination of responsibility

#### (A) In general

In any private action, the court shall instruct the jury to answer special interrogatories, or if there is no jury, shall make findings, with respect to each covered person and each of the other persons claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff, including persons who have entered into settlements with the plaintiff or plaintiffs, concerning -

(i) whether such person violated the securities laws;

(ii) the percentage of responsibility of such person, measured as a percentage of the total fault of all persons who caused or contributed to the loss incurred by the plaintiff; and

(iii) whether such person knowingly committed a violation of the securities laws.

#### (B) Contents of special interrogatories or findings

The responses to interrogatories, or findings, as appropriate, under subparagraph (A) shall specify the total amount of damages that the plaintiff is entitled to recover and the percentage of responsibility of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs.

#### (C) Factors for consideration

In determining the percentage of responsibility under this paragraph, the trier of fact shall consider -

(i) the nature of the conduct of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs; and

(ii) the nature and extent of the causal relationship between the conduct of each such person and the damages incurred by the plaintiff or plaintiffs.

.     .     .     .     .

### (6) Nondisclosure to jury

The standard for allocation of damages under paragraphs (2) and (3) and the procedure for reallocation of uncollectible shares under paragraph (4) shall not be disclosed to members of the jury.

.     .     .     .     .

### (10) Definitions

For purposes of this subsection -

(A) a covered person "knowingly commits a violation of the securities laws" -

(i) with respect to an action that is based on an untrue statement of material fact or omission of a material fact necessary to make the statement not misleading, if -

(I) that covered person makes an untrue statement of a material fact, with actual knowledge that the representation is false, or omits to state a fact necessary in order to make the statement

made not misleading, with actual knowledge that, as a result of the omission, one of the material representations of the covered person is false; and

(II) persons are likely to reasonably rely on that misrepresentation or omission; and

(ii) with respect to an action that is based on any conduct that is not described in clause (i), if that covered person engages in that conduct with actual knowledge of the facts and circumstances that make the conduct of that covered person a violation of the securities laws;

(B) reckless conduct by a covered person shall not be construed to constitute a knowing commission of a violation of the securities laws by that covered person;

(C) the term "covered person" means -

(i) a defendant in any private action under this chapter; or

(ii) a defendant in any private action arising under section 77k of this title, who is an outside director of the issuer of the securities that are the subject of the action; and

(D) the term "outside director" shall have the meaning given such term by rule or regulation of the Commission.

15 U.S.C. §§ 78u–4(g)(1), (2), (3), (6), and (10).

These statutory provisions as a whole prescribe a newly fashioned legal test to be applied in trial court proceedings. Advocates and judges are obligated, in their respective professional roles, to accept and apply faithfully the new legal test that is prescribed in § 78u–4(b)(2).

In order to apply this new legal test faithfully, advocates and judges must understand and give due respect to its fundamental nature as a legal test that does three significant things: first, it confers on the trial judge an *authority* to make a discretionary choice; second, it imposes an *obligation* to make that choice; and, third, it imposes an obligation to make that choice on a *reasoned basis,* consistent with guidelines specified in the statutory text, and subject to appellate review.

## B. Questions About the Meaning of the Statutory Text

Most of the phrasing of the statutory text is thoroughly familiar. For example, the statute uses the phrase "state with particularity facts." 15 U.S.C. § 78u–4(b)(2). Rule 9 of the Federal Rules of Civil Procedure uses similar phrases. Fed.R.Civ.P. 9(b) (in averments of fraud or mistake, "the circumstances constituting fraud or mistake shall be stated with particularity"); Fed.R.Civ.P. 9(c) (a denial of performance or occurrence of a condition precedent "shall be made specifically and with particularity"); Fed.R.Civ.P. 9(g) (items of special damage claimed "shall be specifically stated"). A very large body of precedent provides guidance for interpreting the statutory phrase "state with particularity facts," and for applying that interpretation to the pleadings in a particular case or set of consolidated cases.

The full meaning of these words, however, depends on how they are juxtaposed in this statutory text with other words, some of which have settled meanings and others of which do not.

In this instance, the "facts" referred to are "facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2).

What, precisely, is the meaning of "giving rise to"? If the trial court does not decide the outcome of the case as a matter of law and must submit the matter to a jury in trial, what should the court say to the jury about the meaning of "giving rise to"?

What, precisely, is the meaning of "strong inference"? If the trial court does not decide the outcome of the case as a matter of law and must submit the matter to a jury in trial, what should the court say to the jury about the meaning of "strong inference"?

What, precisely is the meaning of "the required state of mind"? To what extent, if at all, is the meaning of these words controlled or modified by the provisions of § 78u–4(g)? If the trial court does not decide the outcome of the case as a matter of

law and must submit the matter to a jury in trial, what should the court say to the jury about the meaning of "the required state of mind"?

## C. The State–of–Mind Legal Test

■ One part of a full and satisfactory answer to these questions is easily determined. "The required state of mind" is a state of mind in fact and not an "imputed" state of mind. That is, the statutory text (of either § 78u–4(b)(2) alone or both that provision and § 78u–4(g) together) cannot reasonably be interpreted as allowing a plaintiff to meet the statutory heightened pleading requirement by alleging facts that would support a strong inference that some identified person had the required state of mind in fact without also pleading facts that would support a strong inference that that person was one for whose state of mind a defendant entity was legally accountable.

■ It does not follow from this point, however, or from the phrase "required state of mind," that no legal entity other than a natural person can be held accountable because the entity is a creature of the law and literally cannot have a "mind" or "state of mind." To the extent, if at all, that any defendant in this case argues that plaintiffs' invoking any rule holding an entity legally accountable under a "state-of-mind" standard is an attempt to impute to a partnership or corporate entity facts allegedly known by others and therefore fails to allege scienter adequately, the court expects to hold that argument to be erroneous as a matter of law. Persons who wish to escape responsibility for what they know cannot succeed in doing so by simply creating a corporate entity that they control (or a partnership, limited partnership, or some other form of association), doing business through that entity only, and contending that nothing they know can be "imputed" to the entity. The argument that the Private Securities Litigation Reform Act of 1995 has this meaning is utterly disrespectful of the mandates of the Act and must be rejected.

If the amended complaint includes at least one alleged factual basis for a finding of fact that, if admissible evidence is introduced at trial to support it, will satisfy the required scienter of an entity, the court cannot properly order dismissal of the civil action. The court may need to make other orders to assure that plaintiffs do not benefit in relation to inadequately particularized contentions by simply pleading one contention adequately. As a case management choice, the court may defer that decision and take steps meanwhile to require more precise issue formulation.

If the way in which submissions of the parties are cast simply does not address the real issue that the court must consider in order to decide whether the amended complaint does include at least one adequately particularized allegation that meets the heightened pleading requirement regarding a state of mind for which an entity is legally accountable, the court is virtually certain to deny a motion to dismiss on this ground, and may do so without reaching other issues.

## V. ORDER ON ISSUE FORMULATION

In the circumstances of this case, described above, as a matter of sensible case management, I conclude:

■ (1) The newly fashioned legal test, explained in Part IV.C above, requires a finding of a true state of mind of some natural person and not an "imputed" state of mind that no natural person had in fact.

(2) It is inappropriate to express even tentative conclusions about other questions of statutory meaning at an early time in these consolidated proceedings. They are better left to resolution after further clarification of factual and legal contentions of the parties, and the likelihood of adequate support for them.

(3) Practice and Procedure Order No. 3, appearing below, makes clear that the court does not expect to act at an early time on issues it should not reach for the foregoing reasons. The Order sets a schedule for further proceedings to develop an adequate record for deciding issues not reached at an early time in these consolidated proceedings.

(4) Among the legal issues on which the court makes no decision now are those con-

cerning disputes about applicability, as relevant precedents, of decisions released before enactment of the Private Securities Litigation Reform Act of 1995, or released after enactment of that statue but without explicit consideration of the effect of that enactment on various issues presented in these consolidated proceedings. *See, e.g., In re Interneuron Pharmaceuticals Litigation*, C.A. No. 97–12254–REK and All Related Cases (D.Mass. August 7, 1998), and cases there cited, slip op. at 16–19.

(5) For the foregoing reasons, the court is making modifications of Practice and Procedure Order No. 2. In order that parties to these consolidated proceedings, and other interested persons as well, may understand the present status of these proceedings without examining earlier documents, Practice and Procedure Order No. 3, appearing below, is complete in itself and supersedes Orders No. 1 and No. 2.

CIVIL ACTION No. 1:97–10304–REK

AND ALL RELATED CASES

PRACTICE AND PROCEDURE

ORDER NO. 3

August ——, 1998

**Next Scheduled Case Management Conference (CMC):**

*October ——, 1998, at ——p.m.*

**This Order modifies and supplements previous Orders. The provisions of previous Orders that remain in effect are incorporated into Order No. 3, so it will be unnecessary for parties to go back to any earlier Order to determine what procedures are in effect after the date of this Order.**

### Part I.

### PRACTICE AND PROCEDURE

1. Until further notice, each document presented to the Clerk of the United States District Court for the District of Massachusetts in proceedings bearing upon all these RELATED CASES is to have the same caption as that appearing on the first page of this Memorandum and Order on Issue Formulation and Procedural Order No. 3. The descriptive caption of the document itself must appear where "MEMORANDUM AND ORDER ON ISSUE FORMULATION and PRACTICE AND PROCEDURE ORDER NO. 3" appears on this document.

The RELATED CASES to which this Order applies, on the date of this Order, are the following:

D. MASS. C.A. No. 1:97–10304–REK

D. MASS. C.A. No. 1:97–10306–REK

D. MASS. C.A. No. 1:97–10312–REK

D. MASS. C.A. No. 1:97–10314–REK

D. MASS. C.A. No. 1:97–10315–REK

D. MASS. C.A. No. 1:97–10318–REK

D. MASS. C.A. No. 1:97–10320–REK

D. MASS. C.A. No. 1:97–10321–REK

D. MASS. C.A. No. 1:97–10322–REK

D. MASS. C.A. No. 1:97–10328–REK

D. MASS. C.A. No. 1:97–10338–REK

D. MASS. C.A. No. 1:97–10348–REK

D. MASS. C.A. No. 1:97–10352–REK

D. MASS. C.A. No. 1:97–10355–REK

D. MASS. C.A. No. 1:97–10359–REK

D. MASS. C.A. No. 1:97–10372–REK

D. MASS. C.A. No. 1:97–10376–REK

D. MASS. C.A. No. 1:97–10377–REK

2. This Order, in its present form and as amended, will also govern the practice and procedure in any RELATED CASES later filed in this court or otherwise transferred or removed to this court.

3. The RELATED CASES described in paragraph 1 of this Order (including later-filed civil actions) are consolidated for pretrial purposes.

4(a). Only a signed original of any pleading or paper is to be *filed* in any of these RELATED CASES; no copies are to be filed. Unless otherwise ordered by an Amendment of this Order, all papers filed in these actions are to have the same caption as that appearing on the first page of this document, down to but not including "AND ALL RELATED CASES."

4(b). When a paper relates to all these actions, "D. Mass. C.A. No. 1:97–10304–REK" in the caption will be followed only by

the notation "AND ALL RELATED CASES."

4(c). If the paper does not relate to ALL RELATED CASES, the phrase "ALL RELATED CASES" will be omitted, and after the word "AND" will be listed the individual docket numbers of only those civil actions to which the paper relates (that is, the numbers assigned by the Clerk of this court, as listed in paragraph 1 of this Order).

5. Any paper that is to be filed in any of these actions is to be filed with the Clerk of this court.

6. Counsel who appeared in one or more among the RELATED CASES before receipt of a copy of this PRACTICE AND PROCEDURE ORDER need not enter a separate appearance in 1:97–10304–REK but should do so in any other among the RELATED CASES in which he or she is authorized to appear for a party.

7(a). Service of all papers is to be made on each of the attorneys on the Panel Attorney Service List attached to this Order as Schedule A.

7(b). Any attorney who wishes to have his or her name added to or deleted from the Panel Attorney Service List may file a request with the Clerk of this court with notice to all other persons on the service list. Service is sufficient if made upon all attorneys on the Panel Attorney Service List.

7(c). Only one attorney for each party separately represented is to be included on the list.

### Part II.

### CONSOLIDATION AND COORDINATION

#### A. Purposes and Effects of Consolidation

1. The court orders that no action taken hereunder will have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as a party in accordance with the Federal Rules of Civil Procedure.

2. When a case that relates to the same subject matter as the Consolidated RELATED CASES is hereafter filed in this court or transferred here from another court, the Clerk of this court will:

    (a) Mail to attorneys on Schedule A a notice of inclusion of the new case among the RELATED CASES.

    (b) Make an appropriate entry in the Clerk's docket.

    (c) Mail a copy of this Practice and Procedure Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred case.

    (d) Upon the first appearance of any new defendant(s), mail to the attorney(s) for the defendant(s) in such newly filed or transferred case a copy of this Practice and Procedure Order.

3. The court requests the assistance of counsel in calling to the attention of the Clerk of the court the filing or transfer of any case that might properly be included among the RELATED CASES for consolidated or coordinated proceedings.

4. This Order applies to each case later filed in or transferred to this court, alleging claims similar to those set forth in the consolidated proceedings, unless a party objecting to the consolidation or coordination of that case or to any other provision of this Order files and serves, within twenty-one (21) days after the date on which the Clerk mails a copy of this Order to counsel for that party, an application for relief from this Order or from any of its provisions.

#### B. Appointment of Lead Plaintiffs and Organization of Plaintiffs' Counsel

1. The court has found that notice of pendency of the Civil Action No. 1:97–10304–REK, was disseminated and that the notice advised members of the purported Class of the pendency of the action, the claims asserted, and the proposed class period.

2. Lead Plaintiffs, in compliance with § 21D(a)(3)(B) of the Act have selected and retained the law firm of Berman, DeValerio & Pease, LLP, to be Lead Counsel. The law firms of Kaplan, Kilsheimer & Fox, LLP; Barrack, Rodos & Bacine; Berger & Montague, P.C.; Savett, Frutkin, Podell & Ryan, P.C.; Shapiro Haber & Urmy LLP; and

Milberg Weiss Bershad Hynes & Lerach LLP have been selected and retained to serve on an Executive Committee. Kaplan, Kilsheimer & Fox LLP will serve as Chairman of the Executive Committee. It is this court's purpose and order that nothing herein will prejudice the defendants' ability to challenge later the Lead Plaintiffs' adequacy as Class representatives in response to a motion for class certification under Fed. R.Civ.P. 23.

3. Acting under § 21D(a)(3)(B)(v) of the Act, the court approves Lead Plaintiffs' selection of counsel for the Class in the Related Cases, consisting of Lead Counsel and an Executive Committee composed as stated in the next preceding paragraph.

4. The court authorizes the Co–Chairs of the Executive Committee to receive orders and notices from the court on behalf of all plaintiffs' counsel and orders that the Co–Chairs are responsible for the preparation and transmittal of copies of such orders and notices to other plaintiffs' counsel.

5. The court orders that the Co–Chairs of the Executive Committee are responsible for coordinating and organizing plaintiffs' counsel in the conduct of this litigation, after consultation with the members of the Executive Committee, and in particular, that they are responsible for motion practice, discovery, acting for all plaintiffs' counsel at any pre-trial, trial and post-trial proceedings, negotiations with defense counsel on all matters, settlement and the orderly and efficient assignment of work to plaintiffs' counsel.

## Part III.

### Status of Proceedings: Things Done and To Be Done

#### A. Proceedings Regarding Partial Settlement

+ February 13, 1998 (Docket No. 75) Order of Preliminary Approval of Partial Settlement, setting approval hearing for April 29, 1998.

+ April 29, 1998 (Docket No. 152) Order of Final Approval [of Partial Settlement] and [Separate] Final Judgment of Dismissal [of Identified Class Claims].

+ April 29, 1998 (Docket No. 151) Final Order and [Separate Final] Judgment Awarding Attorneys' Fees and Reimbursement of Expenses.

+ June 18, 1998 (Docket No. 174 Order (regarding Clerk's entry of separate final judgment)). "The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Derivative Plaintiffs and Centennial's shareholders against the Settling Defendants in the Derivative Action." Entry date June 19, 1998.

#### B. Pending Motions and Related Submissions

+ March 31, 1998 (Docket No. 117) Motion by Robert E. Lockwood to Dismiss. See also Docket Nos. 150 (ruling deferred), 160, and 186.

+ March 31, 1998 (Docket No. 118) Motion by Presage Corp. to Dismiss. See also Docket Nos. 150 (ruling deferred), and 160.

+ April 30, 1998 (Docket No. 148) Motion by Lehman Brothers Inc. to Dismiss. See also Docket Nos. 149, 172, 179, 180, 186, and 187.

+ May 13, 1998 (Docket No. 154) Motion by Plaintiffs to Amend Amended Complaint. See also Docket Nos. 155, 168, 177, 186, 187, and docket entry of June 19, 1998.

+ May 15, 1998 (Margin Order on Docket No. 156) Order granting motion, by filed stipulation, to extend time to August 31, 1998, for Coopers & Lybrand to respond to amended complaint; reset answer due by Coopers & Lybrand on August 31, 1998.

+ June 6, 1998 (Docket No. 170) Motion by Thomas Kinch to Dismiss. See also Docket Nos. 154, 171, 177, 181, 182, and 183.

+ June 19, 1998 (not yet given a Docket No. by Clerk, the court not having allowed leave to file) Proposed Second Consolidated and Amended Class Action Complaint received by Clerk for filing. See also Docket Nos. 186 and 187.

+ July 24, 1998 (Docket No. 184) Motion by Plaintiffs to lift the discovery stay against

Lawrence J. Ramaekers and Jay Alix and Associates. See also Docket No. 185.

+ July 29, 1998 (Docket No. 188) Motion by plaintiffs for summary judgment against Bond D. Fletcher, together with Memorandum of Law (Docket No. 189) and Local Rule 56.1 Statement of Material Undisputed Facts (Docket No. 190).

## Part IV.
### INCORPORATION BY REFERENCE AND SERVICE OF PLEADINGS AND OTHER PAPERS

1. Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions may incorporate by reference the paper to which it is substantially identical and need not attach that paper or quote it.

2. Where counsel for more than one party plan to file substantially identical papers they are to join in the submission and file only one paper on behalf of all so joined.

## Part V.
### DISCOVERY PROCEEDINGS

1. To the extent that all parties explicitly agree or that no objection is made promptly, discovery may proceed. All steps of discovery in these consolidated proceedings, except those as to which agreement is manifested or no objection is made promptly, are stayed until further order of this court.

2. The time requirements to perform any acts or file any papers under Rules 26 through 37, *Federal Rules of Civil Procedure,* are tolled until the next CMC, at which time the court expects to establish a discovery schedule.

## Part VI.
### PRESERVATION OF DOCUMENTS

During the pendency of this litigation (subject to modification by further order of this court), every party must take reasonable steps to preserve every document within his, her or its possession, custody or control containing information that is relevant to, or may reasonably lead to the discovery of information relevant to the subject matter involved in the pending litigation.

## Part VII.
### CONFIDENTIAL INFORMATION

If parties on either side believe it is necessary, the parties will submit to the court on or before thirty (30) days following the date of this Order a stipulated form of order that fulfills the requirements of First Circuit case law, providing for the confidential treatment of certain documents and information provided by the parties to one another in this litigation. Should the parties be unable to agree, their respective proposals regarding such confidential treatment must be filed within thirty-five (35) days following the date of this Order.

## Part VIII.
### HEARINGS AND RULINGS ON MOTIONS

1. The court may rule on motions on the basis of the submissions filed. Oral arguments will not be heard on any motions unless so ordered by the court, and after such notice as the court directs.

2. Except to the extent allowed in substance by the terms of this Practice and Procedure Order, all pending motions are hereby withdrawn or dismissed without prejudice.

## Part IX.
### MISCELLANEOUS

1. Counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in these consolidated actions.

2. To the extent that this court has authority to do so, this court now orders that any exchange or disclosure of information or documents between or among counsel for plaintiffs and counsel for defendants in connection with the consolidated proceedings will not be construed as a waiver of any attorney-client, work product, or other privilege.

3. All subsequent pretrial orders issued in these proceedings will be numbered consecutively. Any reference to an order of this court in any document filed with the court must include the proper number of the Order.

4. This Order may be amended by the court on the court's own initiative, and any party may apply at any time to this court for a modification or exception to this Order.

## Part X.

## SCHEDULE

1. The next Case Management Conference (CMC) is set for the date and time stated above.

2. The motions that are now pending and excepted from the provisions of Part VIII, paragraph 2, are those identified in Part III.B of this Practice and Procedure Order No. 3. Further submissions bearing on these motions are to be filed as indicated in Part III.B.

3. All counsel, if able to agree, are directed to file, on or before the date ("THIS FILING DATE") that precedes the next CMC date by one day, a Joint Proposed Agenda for the next CMC. If unable to agree, counsel are to file separate submissions on or before THIS FILING DATE.

4. Unless the court requires attendance in person because of special circumstances, counsel who wish to participate in CMCs by telephone may do so rather than appearing in person. If more than two persons make such a request, however, the court's telephone conference facilities are inadequate; in that event, counsel must set up arrangements for the conference call. In either event, counsel wishing to participate by telephone must, at least 24 hours before the time of the conference, call the Deputy Clerk for the undersigned judge, 617–748–9158, to confirm whatever arrangement is proposed.

## Schedule A

## to Practice and Procedure Order No. 3

## in D. MASS. No. 1:97-10304-REK

## and ALL Related Cases

## ATTORNEY SERVICE LIST

### Lead Counsel for Plaintiffs

Glen DeValerio, Esq.
Jeffrey C. Block, Esq.
Berman, DeValerio & Pease, LLP

One Liberty Square
Boston, MA 02109

**Attorneys for Defendant Centennial Technologies, Inc.**
Jeffrey Rudman, Esq.
Peter McDonald, Esq.
Hale and Dorr
60 State Street
Boston, MA 02109

**Attorneys for Defendant Coopers & Lybrand, LLP**
Thomas J. Dougherty, Esq.
Dennis M. Kelleher, Esq.
Skadden, Arps, Slate, Meagher & Flom
One Beacon Street
Boston, MA 02108

**Attorneys for Defendant James J. Murphy**
Albert Cullen, Jr., Esq.
Cullen & Cullen,
Boston, MA 02129

**Attorneys for Defendant Needham & Co., Inc.**
Gregory A. Markel, Esq.
Brobeck Pheger & Harrison LLP
1633 Broadway, 47th Floor
New York, New York 10019

Peter M. Saparoff, Esq.
Mintz Levin Cohen Ferris Glovsky & Popeo, PC
One Financial Center
Boston, MA 02110

**Attorneys for Defendant Lawrence Ramaekers**
Christopher A. Duggam, Esq.
Smith & Duggan
Two Center Plaza
Boston, MA 02108-1801

Lawrence G. Campbell, Esq.
Dickinson, Wright, Moon, Vandusen & Freeman
500 Woodward Avenue, Suite 40000
Detroit, MI, 48226

**Attorneys for Defendant Thomas Kinch**
Michael A. Collora
Dwyer & Collora
600 Atlantic Ave.
Boston, MA 02110-2210

**132**

**Attorneys for Defendant Bond D. Fletcher**
Stephen F. Murray
1 Orr Square
Revere, MA 02151

**Attorneys for Defendant Lehman Brothers, Inc.**
John D. Donovan
Ropes & Gray
One International Place
Boston, MA 02110-2624

**Attorneys for Defendant Presage Corp.**
Albert F. Cullen, Jr.,
Cullen & Cullen
Shipway PlaceC-3
Charlestown Navy Yard
Boston, MA 02125